## Paris v. Reichard.

*Equity—Preliminary objections—Parties—Jurisdiction.*

1. A bill in equity to restrain the use of a registered trade-mark is not defective on preliminary objections, because a former owner of the trade-mark, who, the bill averred, had assigned the same to the plaintiff, was not made a party to the bill.

2. Preliminary objections to a bill in equity cannot be based on matters extraneous to the averments contained in the bill.

3. A preliminary objection to a bill in equity which alleges that certain persons have an interest in the matter in litigation, when there is nothing in the bill to support this allegation, cannot be sustained.

4. The Act of March 5, 1925, P. L. 23, relating to the procedure in certain cases in which the jurisdiction of a court of first instance is questioned, is not applicable to preliminary objections to a bill in equity where no question of the jurisdiction of either the defendant or of the cause of action is involved.

Preliminary objections to bill. C. P. York Co., Aug. T., 1924, No. 2, in Equity.

*M. S. Niles*, for plaintiff; *Stewart & Gerber*, for defendant.

STOCK, J., Dec. 27, 1926.—Defendant filed an answer, preliminarily objecting to the bill for the reason that it is defective for want of specifically named parties who should be joined as plaintiffs. This objection is raised under Rule 8 of the Rules of Equity Practice, and comes within the first reason therein defined. The practice in such matters is regulated by the provisions of Rule 49.

The objection to the non-joinder of Raphael N. Paris as a party plaintiff is not sustained by an examination of the bill. In paragraph 8 of the bill it is averred that the trade-mark "Cadet," which had been registered in the United States Patent Office, was assigned by Raphael N. Paris to plaintiff. In paragraph 16 it is averred that "Raphael N. Paris . . . transferred to the plaintiff all of his right, title and interest in and to said label and trade-mark, 'Havana Cadet.'" It, therefore, does not appear that Raphael N. Paris had any interest in either of these trade-marks which are the basis of this suit.

The objections further allege that certain persons, complete strangers to the record, have an interest in the said labels and an interest in the subject-matter of this suit. There is nothing in the bill to sustain this.

The final clause of Rule 48 provides that objection may be made to the bill "(7) for any other reason which does not require the production of evidence to sustain it." These objections are formal preliminary objections, similar in character to the common law demurrer. To base objections on matters extraneous to the averments contained in the bill would be to have a "speak-

Paris v. Reichard.

ing demurrer," as Judge Shafer held in a very similar case: Wettengel v. Robinson et al., 74 Pitts. L. J. 325.

Rule 17 permits the court to direct the joinder of additional parties at any stage of the suit.

Defendant further bases his motion upon the authority of the act of assembly approved March 5, 1925, P. L. 23, which is entitled "An act in relation to the procedure in certain classes of cases in which there is raised a question as to the jurisdiction of a court of first instance over the defendant or the cause of action for which suit is brought, and authorizing appeals from the preliminary decision of such questions." This act is not applicable to the instant case. No question of jurisdiction, either of the defendant or of the cause of action, is involved.

And now, to wit, Dec. 27, 1926, the objections raised to the bill by the answer are overruled, and the defendant is directed to answer the bill within fifteen days after notice hereof, under penalty of having the bill taken *pro confesso*.                              From Richard E. Cochran, York, Pa.